SUPERIOR COURT 
 
 EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES v. EDWARD LOKEY, Personal Representative of the ESTATE OF EUGENE F. WHARTON

 
 Docket:
 2384CV02258-C
 
 
 Dates:
 September 16, 2025
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 
 

             Presented for decision is the Defendant's Motion for Summary Judgment. This motion represents, in effect, a delayed Cross-Motion for Summary Judgment that brackets an earlier motion for summary judgment filed by Plaintiff Executive Office of Health and Human Services ("MassHealth" or the "Plaintiff') and decided last year by Judge Pineault. The Court states this because the two Rule 56 motions present the same legal issue, and on the same evidentiary record, differentiated only by which party bears the burden to prove the absence of a genuinely disputed issue of material fact and an entitlement to judgment.
            Judge Pineault's Decision and Order on Plaintiffs Motion for Summary Judgment dated October 18, 2024 (Paper# 12)sets forth a comprehensive recitation of the facts and regulatory architecture surrounding MassHealth's effort to obtain a financial recovery from the Estate of Eugene F. Wharton ("Wharton Estate" or the "Defendant") for the cost of certain medical
 
                                                            -1-
 
benefits provided to Mr. Wharton under the Medicaid program. Judge Pineault's decision properly frames the sole liability question presented in this case, viz., whether Mr. Wharton ever received adequate notice in connection with an application for Medicaid benefits (filed by him or on his behalf) that MassHealth might seek to recoup from his estate the cost of benefits that were paid to him under this program when he was 55 years and older. The Court will not rehearse this extensive and undisputed background here, and instead incorporates it by reference.
            In his ruling, Judge Pineault found that there was amply sufficient evidence in the record to permit the reasonable inference that Mr. Wharton had not received the notice to which he was entitled, which the Appeals Court in Executive Office of Health and Human Services v. Trocki, 100 Mass. App. Ct. 117 (2021) ("Trocki"), had determined to be a strict condition precedent to the right of MassHealth to seek the recoupment of paid benefits from the decedent member's estate.[1] Salient among the facts relied upon by Judge Pineault were: (1) there is no documentary evidence of any Medicaid benefits application signed by either Mr. Wharton or an authorized proxy or representative; (2) MassHealth possesses no other documents specific to Mr. Wharton establishing the circumstances under which he began receiving Medicaid benefits (including, of greatest import for present purposes, whether Mr. Wharton ever completed an application for benefits or a health care provider seeking payments purported to do so on his behalf); and (3) MassHealth possesses no documents or other evidence specific to Mr. Wharton showing that, at any point during the pendency of his receipt of Medicaid benefits, Mr. Wharton had actual notice of MassHealth's estate recovery program. On this basis, Judge Pineault concluded that
 
--------------------------------------------
 
[1] Although Trocki arose in the context of Medicaid capitation payments made to a senior care organization, Judge Pineault applied its holding regarding estate recovery to the closely analogous facts of the case at bar. Aside from the fact that Judge Pineault's construction of Trocki and his application of this precedent to Plaintiffs claim is now law of the case, see Kitras v. Town of Aquinnah, 474 Mass. 132, 146 (2016), the undersigned independently embraces this reading of the law as his own.
 
                                                            -2-
 
there was no evidence before the Court, and there was unlikely to be any forthcoming, that Mr. Wharton had either himself applied for Medicaid benefits or had otherwise been "actually informed" that his estate faced a future recoupment action to recover post-age 55 benefits costs incurred by MassHealth. In accordance with Trocki, therefore, MassHealth could not demonstrate an undisputed right to claw back from the Wharton Estate roughly $101,500.00 in Medicaid benefits provided to Mr. Wharton prior to his death.
            Before addressing the entry of summary judgment in favor of the Plaintiff, Judge Pineault addressed the identical argument that MassHealth now puts forward to oppose the entry of summary judgment in favor of the Wharton Estate. To wit, MassHealth insists that Mr. Wharton may be deemed to have applied for Medicaid benefits, and thereby received adequate notice of MassHealth's right to seek a future recovery of paid benefits costs against his estate. In support  of this contention, MassHealth pointed to a templated Medicaid benefits application form (circa 1999) and a "Member Booklet" that accompanied it, in  which latter document MassHealth makes express reference to the right of its Division of Medical Assistance to recoup the costs of benefits paid to a member after the age of 55.
            Rejecting this argument, Judge Pineault declared that "there is no evidence these documents were, in fact, ever provided to or completed by Mr. Wharton." Judge Pineault further observed that there was "considerable basis in the summary judgment record" to doubt that the documents ever were. In this connection, Judge Pineault cited to Mr. Wharton's "extended history of significant mental health illness," and reasoned that such evidence invited the fair inference that a lack of competency on the member's part made it unlikely that Mr. Wharton either completed the Medicaid application form or had any actual understanding of its notice regarding future costs recovery against his estate.
 
                                                            -3-
 
            In holding that MassHealth was for this reason not entitled to summary judgment, Judge Pineault concluded as follows:
"[T]he Court determines that MassHealth has not established- much less as an undisputed fact-that Mr. Wharton received notice of the potential for recoupment actions to be brought against his Estate at any point during the period when Medicaid benefits were provided on his behalf. Consistent with its interpretation and application of Trocki to this case, the Court further concludes that MassHealth's inability to establish that it provided the requisite notice requires the denial of MassHealth's motion for summary judgment." (Emphasis added.)
            After noting that the Defendant had filed no cross-motion for summary judgment, Judge Pineault declined to exercise his discretion to enter judgment in favor of the Wharton Estate; but he explicitly invited the Defendant to file such a motion. The Wharton Estate now having done so, MassHealth seeks to forestall the entry of summary judgment against its recoupment claim by making the identical argument it advanced without success in support of its own Rule 56 motion last year. Namely, MassHealth maintains that the mere existence of a "Member Booklet" that accompanied the agency's benefits application form - and which booklet contained notice of its estate recovery rights - is without more sufficient to permit the reasonable inference that Mr. Wharton in fact received the notice required by Trocki.
            The gravamen of MassHealth's argument is that, when passing on the Wharton Estate's present summary judgment motion, the Court must construe the evidence in the light most favorable to MassHealth as the non-moving party, sec Meyer v. Veolia Energy N. Am., 482 Mass. 208, 209 (2019), the very opposite requirement that confronted Judge Pineault when he was called upon to address MassHealth's motion last year. MassHealth thus insists that, generously construed, the form booklet contained in the summary judgment record (Ex. 8 to Rule
 
                                                            -4-
 
9A(b)(5) Consolidated Statement of Facts) permits a fair inference that Mr. Wharton received the actual notice the law requires. The Court does not agree.
            Whether the evidence is viewed in a light favoring the Defendant or favoring the Plaintiff, the undisputed facts of this case remain precisely as they were before Judge Pineault. Precisely as they were when Judge Pineault recognized "MassHealth's inability to establish that it provided the requisite notice" commanded by Trocki. There is thus no evidence that MassHealth ever actually transmitted such a notice (in any form) to Mr. Wharton, and no evidence of any kind documenting that Mr. Wharton was otherwise aware of MassHealth's estate recovery program while he was receiving Medicaid benefits. As for the templated Medicaid application and its accompanying Member Booklet, these are merely form documents. They perhaps reflect what MassHealth expects will be provided to benefit-seekers in the ordinary course, but they prove absolutely nothing about what was and was not furnished to Mr. Wharton in this instance.
            Plaintiff summarily asserts in the parties' Rule 9A(b)(5) Consolidated Statement of Pacts (at para. 9) that these documents "would have been provided to the Decedent/his representative at the time of his application." But Plaintiff cites no evidence (such as an interrogatory answer, a sworn affidavit, or a certified deposition transcript) to support this assertion, as Superior Court Rule 9A(b)(5) requires. (See Super. Ct. R. 9A(b)(5)(iii)(A).)[2] Absent such citation, the assertion is properly disregarded in the precincts of Rule 56. See Dziamba v. Warner & Stackpole, 56 Mass. App. Ct. 397, 399-401 (2002). See also Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky
 
--------------------------------------------
 
[2] Massachusetts law allows for the admissibility of "evidence of the routine practice of a business organization" to "prove that on a particular occasion the organization ... acted in accordance with the routine practice," provided such practice is "established with sufficient proof." Mass. G. Evid: § 406(a) (2025 ed.).
 
                                                            -5-
& Popeo, 474 Mass. 382, 403-04 (2016) (non-moving party cannot rest on "conclusory allegations, improbable·inferences, and unsupported speculation").
            Even if these unauthenticated forms could be considered at all, and even if Plaintiff's unsupported assertion that the documents "would have been provided" to either Mr. Wharton or his "representative" at the time of his application could somehow be treated as evidence, reliance upon such an assertion is plainly speculation masquerading as inference. To suggest that Mr. Wharton "would have been" provided the required notice merely because MassHealth had pre- printed forms for this purpose is to indulge conjecture and supposition on its face. See Mass. R. Civ. P. 56(e). Indeed, the record contains no evidence of how long this application form and booklet had been in use, and/or how common it was for MassHealth members themselves to complete the application materials provided them in order to receive Medicaid benefits. In this regard, Plaintiff's own Opposition Memorandum acknowledges that a Medicaid applicant may not have the '<physical or mental condition" required to "complete the relevant paperwork;" and, in these circumstances, another party -including but not limited to a medical provider seeking to have MassHealth pay for its services - may complete the application for the member. (Plaintiff's Mem. at 5 and n. 4.) If a form application and accompanying benefits booklet were provided to such a third party (a party with every incentive to complete it, and no countervailing concern that it might thereby be placing its patient's future estate assets at risk of claw-back), in no rational sense could the MassHealth member be deemed to have received the actual notice required by Trocki. See Trocki, 100 Mass. App. Ct. at 122, quoting State Medicaid Manual, Health Care Financing Administration Pub. No. 45-3, Transmittal 75, § 3810.A.6 (Jan. 11, 2001) (requirement that there be "separate notice to the beneficiary that explains that the premium payments made to the managed care organizations are included either in whole or in part in the
 
                                                            -6-
 
claim against the estate . . . ").See also G.L. c. 11SE,§ 9D(e)(3) (MassHealth is required to "educate consumers and their families as to their enrollment choices under MassHealth senior care options and other available alternatives under Medicare and Medicaid").
            Given the absence of any Medicaid application paperwork signed by Mr. Wharton, coupled with his advanced age and lengthy history of mental illness, there is simply no reasonable inference to be drawn from the facts of record that Mr. Wharton ever had actual notice that assets in his estate would be subject to future recoupment by MassHealth's. Division of Medical Assistance. The Wharton Estate having put forward a well-documented motion for summary judgment, resting upon the evidentially supported proposition that Mr. Wharton never received the notice of potential estate recovery required by Trocki, the burden devolved upon MassHealth to demonstrate a bona fide dispute of fact regarding this material proposition such as would warrant a trial to resolve. See Barron Chiropractic & Rehab., P.C. v. Norfolk & Dedham Grp, 469 Mass. 800, 804 (2014) (Once the moving party demonstrates the absence of a triable issue, ''the nonmoving party must respond and make specific allegations sufficient to establish a genuine issue of material fact."). It has failed to do this.
            Confronted with facts indicating an absence of the required notice, MassHealth - bearing the ultimate burden of proof on the issue - has come forward with virtually nothing: An unauthenticated and unexplained application form that may have been furnished to Mr. Wharton, but may just as likely have been completed by a medical provider who cannot be considered Mr. Wharton's proxy or representative for Trocki notice purposes. To rely on such evidence for the inference that the Defendant's decedent in fact received the notice to which he is legally entitled is to indulge in abject speculation. This will not defeat summary judgment. See Benson v. Massachusetts Gen. Hosp., 49 Mass. App. Ct. 530, 532-33 (2000) (plaintiff may not defeat
 
                                                            -7-
 
motion for summary judgment by "invit[ing] a decision by the trier of fact resting on speculation"); Mass. R. Civ. P. 56(e).
CONCLUSION AND ORDER
            For all the foregoing reasons, the Defendant's Motion for Summary Judgment shall be, and hereby is, ALLOWED.
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
Dated: 
September 16, 2025